IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNY E. DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-cv-1249-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER

**DUGAN, District Judge:**

On April 17, 2023, Petitioner Benny E. Davis filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1).[1] This matter is now before the Court for preliminary review of the Motion. Rule 4 of the Federal Rules Governing § 2255 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In November 2020, Petitioner was indicted with one count of possession of a firearm by felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), (d)(1). *See United States v. Davis*, No. 20-CR-30160-DWD, at Doc. 1. He entered a plea of guilty on November 9, 2021. *Id.* at Doc. 34. On March 7, 2022, the Court imposed a 120-month term of

---

[1] Petitioner's Motion is dated March 2, 2023 (Doc. 1, p. 12), but the Court did not receive the filing until April 17, 2023 (Doc. 1, p. 15).

1

imprisonment, to be followed by a 3-year term of supervised release. *Id.* at Docs. 48, 51. Petitioner did not file a direct appeal (Doc. 1, p. 5).

Now, Petitioner presents four reasons why he believes his "sentence was imposed in violation of the Constitution or laws of the United States." *See* 28 U.S.C. § 2255. The first relates to the performance of his court-appointed attorney, Federal Public Defender Kim C. Freter. Petitioner argues that his court-appointed attorney was ineffective for allegedly miscommunicating the terms of his plea agreement, stating that he only agreed to a 6-year term of imprisonment (Doc. 1, p. 4). Second, Petitioner argues that he had no knowledge of the firearm at issue in this matter and lacked intent to possess the firearm, such that he unknowingly and unintelligently entered his guilty plea (Doc. 1, p. 5). This argument appears to be based on precedent articulated in *Rehaif v. United States*, 204 L. Ed. 2d 594 (June 21, 2019), which predates both his indictment and sentencing in this matter. Third, Petitioner argues that he failed to receive all due jail credits to be awarded from the date of his arrest until his sentencing (Doc. 1, p. 7). And finally, Petitioner argues that his guilty plea was involuntarily given because an unidentified "trial attorney threatened [him] with more time if he instead upon Trial." (Doc. 1, p. 8). Thus, he maintains that his plea was coerced, and he only entered it to avoid a longer sentence.

Petitioner further argues that his Motion is timely under 28 U.S.C. § 2255(f)(1) and (3). Typically, a one-year limitation period applies to the filing of § 2255 Motions. *See* 28 U.S.C. § 2255(f). This period runs from the latest of (1) the date on which the judgment of conviction becomes final, (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

2

states is removed, (3) the date on which the right asserted was initially recognized by the Supreme Court, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

Petitioner was sentenced on March 7, 2022. *United States v.* Davis, No. 20-CR-30160-DWD, at Docs. 48, 51. Although Petitioner's signed Motion is dated March 2, 2023 (Doc. 1, p. 5), the Clerk's Office did not receive his § 2255 Motion until April 17, 2023 (Doc. 1, p. 15). Rule 3(d) of the Federal Rules Governing § 2255 Cases in the United States District Courts provides that:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Here, Petitioner signed his Motion under penalty of perjury in apparent compliance with 28 U.S.C. § 1746 (Doc. 1, p. 12). He further declared that he placed the Motion in the prison mailing system on March 2, 2023 (*Id.*). Thus, it is not plainly apparent at this stage that his Motion is untimely under 28 U.S.C. § 2255(f).

Further, upon review of the merits of the Motion, it does not plainly appear that Petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2255 Cases. The Court therefore **ORDERS** the Government to file an answer, motion, or other response to the Motion by **June 6, 2023**. "The answer must address the allegations in the motion. In addition, it must state whether [Petitioner] has used any other federal

3

remedies, including any prior post-conviction motions . . . and whether [he] received an evidentiary hearing." Rule 5 of the Rules Governing Section 2255 Cases. Petitioner will then have 30 days to submit a reply to the Government's answer or other pleading.

**SO ORDERED.**

Dated:  April 25, 2023.

/s/ David W. Dugan  
DAVID W. DUGAN  
United States District Judge