IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNY E. DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-cv-1249-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

**DUGAN, District Judge:**

Now before the Court is the Government's Motion for Order Authorizing Criminal Defense Attorney to Disclose Attorney-Client Communications (Doc. 4). Previously, this Court found that Petitioner's Motion pursuant to 28 U.S.C. § 2255 raised allegations of ineffective assistance of counsel, among other claims, and ordered the Government to respond (Doc. 2). Petitioner was represented by Federal Public Defender Kim C. Freter with respect to the allegations in his § 2255 motion. By its Motion, the Government asks the Court for an Order permitting Attorney Freter to respond to Petitioner's allegations with information that may include communications ordinarily protected from disclosure by the attorney-client privilege.

Considering the guidance in *United States v. Evans*, 113 F.3d 1457 (7th Cir. 1997), it is advisable for a defense attorney to obtain a judicial determination that a disclosure would not violate the attorney-client privilege before disclosing confidential communications and other information, even if the attorney believes that a waiver of the

1

privilege has clearly occurred. *Id.* at 1468. Further, "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716–17 (9th Cir. 2003); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.").[1]

Nevertheless, to ensure Petitioner knowingly intended to invoke the waiver of his attorney-client privilege by filing his § 2255 Motion, the Court directed Petitioner to file any objections to the Government's Motion by June 6, 2023 (Doc. 5). The Court advised Petitioner that if no objections were received by this deadline, the Court would construe Petitioner's silence as a waiver of his attorney-client privileges concerning communications related to the claims of ineffective assistance of counsel at issue in his Motion. The Court further advised Petitioner that a waiver here may result in communications between Petitioner and his criminal defense attorney being disclosed to the Government and the Court (Doc. 5).

---

[1] *In accord In re Lott*, 139 F. App'x 658, 660 (6th Cir. 2005) ("In the habeas context, courts have found implied waiver of the attorney-client privilege when the petitioner 'injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'") (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967).

Petitioner did not file a response or objection to the Government's Motion by the June 6, 2023 deadline. Accordingly, the Court construes this silence as Petitioner's waiver of his attorney-client privileges <u>only</u> as those privileges relate to the allegations of ineffective assistance of counsel at issue in his § 2255 motion. Therefore, the Court **FINDS** that Petitioner's allegations of ineffective assistance of counsel against Attorney Freter operate as a waiver of the attorney-client privilege as to matters relevant to the issues in his § 2255 motion. The Government's Motion for Order Authorizing Disclosure of Attorney-Client Communications (Doc. 4) is **GRANTED**. Attorney Freter is **AUTHORIZED** to provide a response addressing Petitioner's allegations of ineffective assistance of counsel to the Government's counsel for its use in this case.

**SO ORDERED.**

Dated: June 13, 2023

_____
DAVID W. DUGAN
United States District Judge