**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BENNY E. DAVIS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )    **Case No. 3:23-CV-1249-DWD** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Now before the Court is Petitioner Benny E. Davis's Motion to Reconsider the Court's dismissal of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 with prejudice. For the following reasons, the Motion is due to be denied.

On April 17, 2023, Davis initiated this action by filing a motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). The Court ordered the Government to respond to Davis's § 2255 Motion on or before August 21, 2023, and for Davis to file a reply to the Government's response, if any, by September 21, 2023. (Doc. 10). The Government filed its Response on August 21, 2023. (Doc. 11). Davis did not file a reply. Over a year later, on May 13, 2025, Davis filed a Notice of Change of Address and Motion to Copy requesting that the Court send him a "copy of the docket sheet/chronological judicial case summary related to this case." (Docs. 12, 13). Davis did not mention a reply to the Government's Response, nor did he request leave for additional time to file a reply. On May 14, 2025, the Court granted Davis's Motion for

Copy and directed the Clerk to send Davis a copy of the docket sheet and the Government's Response to his § 2255 Motion. (Doc. 14). On January 28, 2026, the Court found that Davis was not entitled to relief and denied his § 2255 Motion and dismissed the case with prejudice. (Doc. 15). Further, the Court declined to issue Davis a certificate of appealability, finding that the alleged grounds for relief lacked merit and reasonable jurists would not find that conclusion debatable or wrong. (Doc. 15, pgs. 13–14).

On March 20, 2026, Davis filed the instant Motion to Reconsider. (Doc. 17). Davis asks the Court to grant his Motion so that he may file a reply to the Government's Response to his § 2255 Motion. Davis states that he did not file a reply to the Government's Response because he did not receive the Response in the mail. (Doc. 17, pg. 1). Petitioner does not reference any authority under which he is raising the Motion to Reconsider. "While the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, the Seventh Circuit has permitted district courts to construe such motions as having been filed pursuant to Rule 59(e) or Rule 60(b)." *McGarity v. Sproul*, Case No. 3:21-CV-00370-NJR, 2022 WL 137736 at *1 (S.D. Ill. Jan. 14, 2022) (citing *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) and *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992)).

Rule 59(e) allows a court to alter or amend a judgment to correct manifest errors of law or fact or to address newly discovered evidence no later than 28 days after entry of the judgment. FED. R. CIV. P. 59; *see also Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Rule 60(b) allows a court to relieve a party from a judgment or order on various grounds, including a movant's mistake, surprise or excusable neglect; fraud or

misconduct by the opposing party; newly discovered evidence; the judgment is void or has been satisfied, released, or discharged; or "any other reason that justifies relief." FED. R. CIV. P. 60(b). The standard for a motion under Rule 60(b) is higher than that for a motion under Rule 59(e). *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (describing the applicable standard under Rule 60(b) as the more "exacting standard" than the "more liberal standard" under Rule 59(e)); *see also Khoury v. United States*, Case No. 3:16-cv-1085-DWD, 2022 WL 2132730 at *2 (S.D. Ill. June 14, 2022) (quoting *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014)) ("A motion for relief from judgment under Rule 60(b)(6) may be granted in only extraordinary circumstances.").

Petitioner's Motion for Reconsideration fails under either Rule. First, Davis did not file his Motion until 51 days after the Court entered judgment dismissing his § 2255 Motion. Thus, he clearly exceeded the 28-day window to bring a motion under Rule 59(e). As such, Rule 60(b) must govern.

Davis's Motion does not identify any issue with the judgment, error of law, mistake, excusable neglect, newly discovered evidence, or fraud as grounds for relief from the Court's Order dismissing his § 2255 Motion. As possible grounds for granting his Motion to Reconsider, Davis provides only that he should be able to file a reply brief to the Government's response because he alleges that he did not receive the Government's Response. (Doc. 17, pg. 1).

Rule 5(e) of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a "moving party may file a reply to the respondent's answer or other pleading" and that the "judge must set the time to file unless the time is already set

3

by local rule." As mentioned above, the Court set the deadline for Davis's reply in its August 4, 2023, Order. (Doc. 10). Davis never requested an extension to that deadline; nor did he raise any issue concerning a reply when he informed the Court of his change in address and requested a copy of the docket sheet in May of 2025. Davis also did not take any action in attempt to file a reply in the 8 months after the Court sent him a copy of the Government's Response. Further, allowing Davis to file a reply would be futile because this Court already determined that the alleged grounds for relief lacked merit and reasonable jurists would not find that conclusion debatable or wrong when it declined to issue Davis a certificate of appealability. *See* SDIL-LR 7.1(a)(4) ("Reply briefs are not favored, shall not exceed five pages, and should be filed only in exceptional circumstances."). And Davis's Motion for Reconsideration does not raise any new grounds for relief that were not already considered by the Court in its Order dismissing the case. As such, the Court finds that Davis's Motion for Reconsideration also fails under Rule 60(b).

**DISPOSITION**

For the reasons provided *supra*, Petitioner Benny E. Davis's Motion for Reconsideration (Doc. 17) is **DENIED**.

**SO ORDERED.**

Dated: April 23, 2026        /s *David W. Dugan*

                     _____
                     DAVID W. DUGAN
                     United States District Judge